ROGER GRANDGENETT, ESQ., Bar # 6323
LITTLER MENDELSON
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89109
Telephone: (702) 862-8800
Facsimile: (702) 862-8811

Attorneys for Defendant
RENT-A-CENTER WEST, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SAUL VALDEZ,

        Plaintiff,

vs.

RENT-A-CENTER WEST, INC.,

        Defendant.

Case No. 2:10-CV-00696-PMP-LRL

**MOTION TO STAY THE ACTION AND COMPEL ARBITRATION**

    Defendant, Rent-A-Center West, Inc. ("Defendant" or "RAC"), by and through its counsel hereby moves this Court to stay the action and compel arbitration.

    This Motion is made and based upon the accompanying Memorandum of Points and Authorities, the exhibits attached hereto, all pleadings and papers on file herein as well as any argument which this Court may entertain.

    Dated July 16, 2010

                LITTLER MENDELSON

                By: /s/ *Roger L. Grandgenett II*
                    Roger L. Grandgenett II, Esq.
                    Attorneys for Defendant

LITTLER MENDELSON
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89109
702.862.8800

## MEMORANDUM OF POINTS AND AUTHORITIES

# I. INTRODUCTION

On or about May 13, 2010, Plaintiff Saul Valdez ("Plaintiff" or "Valdez"), a former employee of RAC, filed a Complaint alleging religious discrimination, retaliation and failure to accommodate in violation of Title VII of the Civil Rights Act of 1964. (Plaintiff's Complaint). Plaintiff, however, is precluded from pursuing his claims in court because of his written agreement to submit his claims to binding arbitration. Plaintiff entered into a Mutual Agreement to Arbitrate all "past, present and future disputes" with Defendant including discrimination claims and statutory claims. A true and correct copy of the Arbitration Agreement executed by Plaintiff is attached to Exhibit A, the Declaration of Steven A. Spratt ("Spratt Decl.").

Plaintiff must arbitrate his disputes because Defendant can establish what the U.S. Supreme Court has described as the "gateway issues": the existence of a valid agreement that covers the dispute. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002).

Pursuant to Plaintiff's agreement to arbitrate, and the Federal Arbitration Act ("FAA"), Defendant requests that the Court compel Plaintiff to arbitrate his claims and stay this action pending arbitration. *See* 9 U.S.C. §§ 3, 4.

# II. STATEMENT OF FACTS

On or about November 17, 2006, Plaintiff executed an Arbitration Agreement. (Spratt Decl., Ex. A). Under the Arbitration Agreement, Plaintiff agreed to arbitrate all claims or controversies as follows:

> The Company and I mutually consent to the resolution by arbitration of all claims or controversies ("claims"), past, present or future, including without limitation, claims arising out of or related to my application for employment, assignment/employment, and/or the termination of my assignment/employment that the Company may have against me or that I may have against any of the following: (1) the Company, (2) its officers, directors, employees, or agents in their capacity as such or otherwise, (3) the Company's parent, subsidiary, and affiliated entities, (4) the benefit

LITTLER MENDELSON
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89109
702.862.8800

plans or the plans' sponsors, fiduciaries, administrators, affiliates, and agents, and/or (5) all successors and assigns of any of them.

The only claims that are subject to arbitration are those that, in the absence of this Agreement, would have been justiciable under applicable state or federal law.  The claims covered by this Agreement include, but are not limited to: . . . tort claims for discrimination (including, but not limited to race, sex, sexual harassment, sexual orientation, <u>religion</u>, national origin, age, workers' compensation, marital status, medical condition, handicap or disability); . . . <u>and claims for violation of any federal, state or other governmental law, statute, regulation, or ordinance</u>, except claims excluded in the section of this Agreement entitled "Claims Not Covered by the Agreement."

(Ex. A, Spratt Aff. Ex. 1, at 1) (emphasis added).

In his Complaint, Plaintiff alleges religious discrimination, retaliation and harassment against RAC.  These claims are indisputably covered under the express terms of the Arbitration Agreement signed by Plaintiff and, therefore, must be submitted to binding arbitration.

### III.  <u>THE FEDERAL ARBITRATION ACT</u>

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, provides in pertinent part:

A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

In deciding whether a dispute is subject to arbitration pursuant to the FAA, a court must determine whether a valid agreement to arbitrate exists, and, if so, whether the subject matter of the dispute is covered by the arbitration agreement.  *Coleman v. Assurant, Inc.,* 508 F.Supp.2d 862, 865 (D. Nev. 2007).  The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Id.* (quoting *Dean Witter Reynolds Inc. v. Byrd,* 470 U.S. 213, 218, (1985).  Because the Arbitration Agreement is valid and enforceable and unambiguously covers the subject matter of Plaintiff's claims against Defendant, his claims are subject to arbitration under the FAA.

LITTLER MENDELSON
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89109
702.862.8800

## IV. <u>LEGAL AUTHORITIES</u>

To determine whether Plaintiff entered into a valid and enforceable agreement to arbitrate disputes with Defendant, the Arbitration Agreement must be examined under Nevada law regarding contract formation. *First Options*, 514 U.S. at 944. Whether the parties have agreed to arbitrate a dispute is governed by ordinary contract principles, which in this case are derived from the substantive law of Nevada because the events surrounding the formation and execution of the Arbitration Agreement arose here. *Id.* Therefore, for a contract to be valid, there must be mutual assent and consideration. *Bergman v. Electrolux Corp.,* 558 F.Supp. 1351, 1353 (D. Nev. 1983).

The instant Arbitration Agreement meets the requirements of Nevada substantive contract law and, thus, is a valid and enforceable agreement by Plaintiff to arbitrate his claims.  It is undisputed that Plaintiff entered into an arbitration agreement with RAC, as evidenced by Plaintiff's signature on the Arbitration Agreement.  Moreover, just above the parties' respective signatures, the Agreement states in bold capital letters:

> I ACKNOWLEDGE THAT I HAVE CAREFULLY READ THIS FIVE (5) PAGE MUTUAL AGREEMENT TO ARBITRATE; THAT I UNDERSTAND ITS TERMS; THAT ALL UNDERSTANDINGS AND AGREEMENTS BETWEEN THE COMPANY AND ME RELATING TO THE SUBJECTS COVERED IN THE AGREEMENT ARE CONTAINED IN IT; AND THAT I HAVE ENTERED INTO THE AGREEMENT AND NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATIONS BY THE COMPANY OTHER THAN THOSE CONTAINED IN THIS AGREEMENT ITSELF.  I UNDERSTAND THAT BY SIGNING THIS AGREEMENT I AM GIVING UP MY RIGHT TO A JURY TRIAL AND THAT PURSUANT TO THE TERMS OF THIS AGREEMENT, I AM AGREEING TO ARBITRATE CLAIMS.

> I FURTHER ACKNOWLEDGE THAT I HAVE BEEN GIVEN THE OPPORTUNITY TO DISCUSS THIS AGREEMENT WITH MY PRIVATE COUNSEL AND HAVE AVAILED MYSELF OF THAT OPPORTUNITY TO THE EXTENT THAT I WISH TO DO SO.

(Ex. A, Spratt Aff., Ex. 1 at 5) [emphasis in original]  There can be no doubt that Plaintiff entered into a valid arbitration agreement.

LITTLER MENDELSON
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169
702 862 8800

4.

Plaintiff's signature evidences his clear and definite consent. Specifically, the Arbitration Agreement sets forth clear, definite terms—and the essential terms were communicated to Plaintiff in writing. Furthermore, mutual assent of Plaintiff and Defendant is clear in light of the fact that the Arbitration Agreement expressly states that assent is mutual. *Bergman v. Electrolux Corp.*, 558 F.Supp. at 1353 (under Nevada law mutual assent was manifested by the signatures on the written agreement.). The Agreement provides that "[t]he Company and I mutually consent to the resolution by arbitration of all claims or controversies . . . ." (Spratt Decl., Ex. A, p. 1). Moreover, Plaintiff mutually gave up the right to litigate his claims as consideration for the Arbitration Agreement, as explicitly recited therein: "The promises by the Company and by me to arbitrate differences, rather than litigate them before courts or other bodies, provide consideration for each other." (Spratt Decl., Ex. 1, p. 4-5.) The Arbitration Agreement provides that arbitration is the exclusive remedy for any claims covered thereunder, both parties are required to submit their disputes to arbitration, and arbitration is final and binding upon both parties. (Spratt Decl., Ex. 1, pp. 1, 4.) Accordingly, the existence of a valid and enforceable Arbitration Agreement is undeniable.

## A. The Federal Arbitration Act Governs the Arbitration Agreements.

The FAA applies to agreements "involving commerce." 9 U.S.C. § 2. Because Defendant operates stores throughout the United States and sells goods that are purchased out of state and that are transported across state lines, its activities involve interstate commerce, and thus, arbitration agreements entered with its employees are covered by the FAA. (Spratt Decl., at ¶2). Moreover, Plaintiff agreed in the Arbitration Agreement that "the [C]ompany is engaged in transactions involving interstate commerce." (Spratt Decl., Ex. 1, p. 4.)

Because the FAA governs the Arbitration Agreement, the Supremacy Clause of the United States Constitution requires that Plaintiff's claims be arbitrated notwithstanding any contrary state law. Under the Supremacy Clause, U.S. CONST. art. VI, cl. 2, the FAA preempts all otherwise

LITTLER MENDELSON
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89109
702.862.8800

applicable or conflicting state laws. *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984) ("In enacting Section 2 of the [FAA], Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agree to resolve by arbitration.").  Indeed, the FAA is a "[c]ongressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary.  The effect of this Section [§ 2 of the FAA] is to create a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act." *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Accordingly, any state law conflicting with the FAA violates the Supremacy Clause and is void. Thus, the arbitration agreement must be enforced under federal law.[1]

**B.     Arbitration of Plaintiff's Claims is Favored by Federal Law.**

The FAA was enacted in 1925 to reverse the "longstanding judicial hostility to arbitration agreements that had existed at English common law and had been adopted by American courts, and to place arbitration agreements upon the same footing as other contracts." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991). *See Allied-Bruce Terminix Cos.*, 513 U.S. at 270; *Circuit City Stores v. Adams*, 532 U.S. 105, 122-123 (2001) (describing significant benefits of arbitrating claims in employment context). The FAA established a federal policy in favor of arbitration. *See Jackson*, 561 U.S. ___, 2010 U.S. LEXIS 4981 at *8 (June 21, 2010); *Green Tree Fin. Corp. v. Randolph,* 531 U.S. 79, 90 (2000); *Southland Corp.*, 465 U.S. at 10.  The FAA permits

---

[1] In the event that any of the provisions of the Agreement are found unenforceable, the Court should strike the provisions, and render the rest of the Agreement enforceable.  The parties expressly agreed:

> If any provision of this Agreement is adjudged to be void or otherwise unenforceable, in whole or in part, such adjudication shall not affect the validity of the remainder of the Agreement. All remaining provisions shall remain in full force and effect.

(Ex. A, Spratt Decl., Ex. 1 at p. 4).  Accordingly, if the Court finds infirmities in the Agreement, the offending provisions should be severed, allowing the remainder of the Agreement to stay in tact and enforceable.

private parties to "trade [] the procedures ... of the courtroom for the simplicity, informality, and expedition of arbitration." *Gilmer*, 500 U.S. at 31

In enacting the FAA, Congress intended to overcome courts' reluctance to enforce arbitration agreements. *See Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 270 (1995). The FAA not only placed arbitration agreements on equal footing with other contracts but also established a federal policy in favor of arbitration. *Randolph*, 531 U.S. at 90; *Southland*, 465 U.S. at 10. The FAA permits private parties to "trade [] the procedures . . . of the courtroom for the simplicity, informality, and expedition of arbitration." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. at 31.

This "liberal federal policy favoring arbitration agreements" in effect creates "a body of federal substantive law of arbitrability, applicable to any arbitration agreement within coverage of the [FAA]." *Perry v. Thomas*, 482 U.S. 483, 489 (1987); As such, the United States Supreme Court has warned against judicial rulings designed to erode FAA precedence "by indirection." *Circuit City Stores*, 532 U.S. at 122. "The standard for demonstrating arbitrability is not a high one; in fact, a district court has little discretion to deny an arbitration motion, since the [FAA] is phrased in mandatory terms." *Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 475 (9th Cir. 1991). Accordingly, it is the intent of Congress "to move the parties to an arbitrable dispute out of court and into arbitration *as quickly and easily as possible.*" *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983) (emphasis added).

**C.     Doubts Are Resolved in Favor of Arbitration.**

Under the FAA, an arbitration agreement must be enforced where a valid, written agreement exists and the claims made are within the scope of the agreement. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217, 221 (1985). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp.* 460 U.S. at 24.

LITTLER MENDELSON
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169
702 862 8800

As this Court has recognized, United States courts have applied a liberal presumption in favor of arbitrability. *Hash v. FedEx Home Delivery,* 2006 U.S. Dist. LEXIS 51110 (D. Nev. July 6, 2006) ("Federal standards on arbitrability require that courts address such agreements with a "healthy regard" for the policy favoring arbitration."); see also *Gilmer,* 500 U.S. at 26.  The United States Supreme Court reaffirmed its commitment to the arbitration process in *Circuit City,* where the Court held that the FAA applies to employment agreements.  *Circuit City,* 532 U.S. at 119.  The *Circuit City* decision constitutes a ringing endorsement of the arbitration process by our Nation's highest court and reaffirms that the FAA compels judicial enforcement of otherwise valid arbitration agreements.  *Id.* at 122-23 (noting that "there are real benefits to the enforcement of arbitration provisions" and that the Court has "been clear in rejecting the supposition that the advantages of the arbitration process somehow disappear when transferred to the employment context").  The Supreme Court's recent decision in *Rent-A-Center, West, Inc. v. Jackson, supra* (which case originated in the District of Nevada) is a further endorsement of arbitration in the employment context.  Indeed, district courts must defer to arbitration "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute . . . doubts should be resolved in favor of coverage." *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 582-583 (1960).  This Court should therefore resolve any doubts regarding the scope and enforceability of the Arbitration Agreement in favor of arbitration.

## D.   **The Arbitration Agreement Expressly Cover Plaintiff's Claims.**

The Arbitration Agreement is unambiguous and is sufficiently broad to cover Plaintiff's claims.  The Arbitration Agreement applies to "all claims or controversies ('claims'), past, present or future, including without limitation, claims arising out of or related to my . . . assignment/employment, and/or the termination of my assignment/employment that the Company may have against [Plaintiff] or that [Plaintiff] may have against . . . the Company. . . . " (Spratt

LITTLER MENDELSON
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas NV  89109
702 862 8800

Decl., Ex. 1, p. 1.).  And, the Arbitration Agreement expressly applies to discrimination claims, including without limitation religious discrimination, and "claims for any violation of any federal, state or other governmental law, statute, regulation or ordinance..." *Id.*  Therefore, the Agreement is sufficiently broad to cover all of Plaintiff's claims against Defendant.

Furthermore, the broad scope of the Arbitration Agreement is demonstrated in the explicit acknowledgment that by entering into the Agreement, Plaintiff waived his right to a judicial forum for all claims covered by the Arbitration Agreement:  "I UNDERSTAND THAT BY SIGNING THIS AGREEMENT I AM GIVING UP MY RIGHT TO A JURY TRIAL. . . ." (Spratt Decl., Ex. 1, p. 5.)  (emphasis in original).  The parties to the Arbitration Agreement intended that arbitration be the exclusive remedy for all claims relating to Plaintiff, and all of Plaintiff's claims must therefore be submitted to binding arbitration pursuant to the FAA.

## V. <u>CONCLUSION</u>

Plaintiff agreed to arbitrate disputes with Defendant.  Because Plaintiff's claims fall within the scope of the Arbitration Agreement, the Court should stay the proceedings and compel arbitration of his claims.

DATED this 16th day of July 2010.

LITTLER MENDELSON

By:    */s/ Roger L. Grandgenett II*
Roger Grandgenett, Esq.
Attorneys for Defendant

Firmwide:96369864.2 051536.1173

LITTLER MENDELSON
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169
702.862.8800

9.

## PROOF OF SERVICE

I am a resident of the State of Nevada, over the age of eighteen years, and not a party to the within action. My business address is 3960 Howard Hughes Parkway, Suite 300, Las Vegas, Nevada 89169. On July 16, 2010, I served the within document(s):

### MOTION TO STAY THE ACTION AND COMPEL ARBITRATION

☐  By **United States Mail** – a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Las Vegas, Nevada addressed as set forth below.

☐  By **Facsimile Transmission** – the transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is **attached** to the hard copy. The names and facsimile numbers of the person(s) served are as set forth below.

☒  By **CM/ECF Filing** – with the United States District Court of Nevada, a copy of the Court's notification of e-filing is attached to the hard copy for either faxing, mailing, overnight delivery, and/or hand-delivery.

Christian Gabroy
Gabroy Law Offices
170 S. Green Valley Pkwy.
Henderson, NV 89012

Alan Reinach
2686 Townsgate Rd.
Westlake Village, CA 91361

Attorney for Plaintiff

Attorney for Plaintiff

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 16, 2010 at Las Vegas, Nevada.

_Janine Martin_
Janine Martin

Firmwide:96369864.2 051536.1173

ITTLER MENDELSON
Attorneys At Law
360 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89109
702 862 8800

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

SAUL VALDEZ,

Plaintiff,

vs.

RENT-A-CENTER, INC.

Defendant.

Civil Action No. 2:10-cv-00696-PMP-LRL

## DECLARATION OF STEVEN A. SPRATT

I, STEVEN A. SPRATT, hereby declare as follows:

1.    My name is STEVEN A. SPRATT.  I am employed by Rent-A-Center as Senior Director of Compensation and Benefits and am the Custodian of Records for Rent-A-Center West, Inc. As a result of my job duties, I am personally familiar with Rent-a-Center's policy regarding arbitration. As custodian of records, I have also reviewed certain personnel records of Plaintiff Saul Valdez.

2.    Rent-A-Center is in the rent-to-own business.  We operate stores throughout the United States and rent and sell goods that are transported across state lines.

3.    A true and correct copy of Rent-A-Center's Mutual Agreement to Arbitrate Claims ("Arbitration Agreement"), signed by Saul Valdez on November 17, 2006, is attached hereto as Exhibit "1".  The attached Exhibit 1 is a record of Valdez's arbitration agreement with Rent-A-Center and was made and is kept in the regular course and practice of Rent-A-Center's business activities.

4.    I declare under penalty of perjury, under the laws of the United States, that the foregoing two page declaration is true and correct.

DECLARATION OF STEVEN A. SPRATT

Page 1

Executed this the 14th day of July, 2010.

STEVEN A. SPRATT

Firmwide:96346628.1 051536.1173

DECLARATION OF STEVEN A. SPRATT                                   Page 2

# EXHIBIT 1

RENT-A-CENTER, INC.

# MUTUAL AGREEMENT TO ARBITRATE CLAIMS

I recognize that differences may arise between Rent-A-Center, Inc. (the "Company") and me during or following my application/assignment/employment, including any/or all periods of employment with the Company and/or separation therefrom and that those differences may or may not be related to my application/assignment/employment. I understand and agree that by entering into this Agreement to Arbitrate Claims ("Agreement"), I anticipate gaining benefits of a speedy, impartial, final, and binding dispute-resolution procedure.

I understand that any reference in this Agreement to the Company will be a reference also to all parent, subsidiary, partners, divisions, and affiliated entities, and/or any companies that are acquired by the Company or its subsidiaries, parents, partners, divisions, or affiliates, and all benefit plans, the benefit plans' sponsors, fiduciaries, administrators, affiliates, and all successors and assigns of any of them.

Except as provided in this Agreement, the Federal Arbitration Act (9 U.S.C. § 1 et seq.) shall govern interpretation, enforcement, and all proceedings pursuant to this Agreement.

## CLAIMS COVERED BY THE AGREEMENT

The Company and I mutually consent to the resolution by arbitration of all claims or controversies ("claims"), past, present or future, including without limitation, claims arising out of or related to my application for employment, assignment/employment, and/or the termination of my assignment/employment that the Company may have against me or that I may have against any of the following: (1) the Company, (2) its officers, directors, employees, or agents in their capacity as such or otherwise, (3) the Company's parent, subsidiary, and affiliated entities, (4) the benefit plans or the plans' sponsors, fiduciaries, administrators, affiliates, and agents, and/or (5) all successors and assigns of any of them.

The only claims that are subject to arbitration are those that, in the absence of this Agreement, would have been justiciable under applicable state or federal law. The claims covered by this Agreement include, but are not limited to: claims for unfair competition and violation of trade secrets; claims incidental to the employment relationship but arising after that relationship ends (for example, claims arising out of or related to post-termination defamation or job references, claims arising out of or related to any employee purchase disputes, and claims arising out of or related to post-employment restitution); claims for wages or other compensation due; claims for breach of any contract or covenant (express or implied); tort claims (for discrimination (including, but not limited to race, sex, sexual harassment, sexual orientation, religion, national origin, age, workers' compensation, marital status, medical condition, handicap or disability); claims for benefits (except claims under an employee benefit or pension plan that either (1) specifies that its claims procedure shall culminate in an arbitration procedure different from this one, or (2) is underwritten by a commercial insurer which decides claims); claims arising from the rental and/or purchase of property from the Company; and claims for violation of any federal, state or other governmental law, statute, regulation, or ordinance, except claims excluded in the section of this Agreement entitled "Claims Not Covered by the Agreement."

Except as otherwise provided in this Agreement, both the Company and I agree that neither of us shall initiate or prosecute any lawsuit or adjudicative administrative action (other than an administrative charge of discrimination to the Equal Employment Opportunity Commission or an administrative charge within the jurisdiction of the National Labor Relations Board) in any way arising out of or related to any claim covered by this Agreement. Nothing herein shall be construed to relieve any party of the duty to exhaust administrative remedies by filing a charge or complaint with an administrative agency and obtaining a right to sue notice, where otherwise required by law.

## CLAIMS NOT COVERED BY THE AGREEMENT

Claims I may have for workers' compensation benefits and unemployment compensation benefits are not covered by this Agreement. Also not covered are claims brought in small claims court, or my state's equivalent court, so long as such claims are brought only in that court. If any such claim is transferred or appealed to a different court, the Company or I may require arbitration.

and the conduct of any party during the small claims, or equivalent, proceeding shall not be a ground for waiver of the right to arbitrate.

## CLASS ACTION WAIVER

There will be no right or authority for any dispute to be brought, heard, or arbitrated as a class, mass or collective action, consolidated action, private attorney general action, or in a representative capacity on behalf of any other person. Nor shall the Arbitrator have any authority to hear or arbitrate any such dispute. Regardless of anything else in this Agreement and/or any rules or procedures that might otherwise be applicable by virtue of this Agreement or by virtue of any arbitration organization rules or procedures that now apply or any amendments and/or modifications to those rules, the enforceability and validity of the Class Action Waiver may be determined only by a court and not by an arbitrator.

## TIME LIMITS FOR COMMENCING ARBITRATION AND REQUIRED NOTICE OF ALL CLAIMS

The Company and I agree that the aggrieved party must give written notice of any claim to the other party no later than the expiration of the statute of limitations (deadline for filing) that the law prescribes for the claim. Otherwise, the claim shall be void and deemed waived. The parties are encouraged to give written notice of any claim as soon as possible after the event or events in dispute so that arbitration of any differences may take place promptly.

Written notice to the Company, or its officers, directors, employees or agents, shall be sent to its home office to the attention of the Legal Department. I will be given written notice at the last address provided in writing to the Company. The written notice shall identify and describe the nature of all claims asserted and the facts upon which such claims are based and the relief or remedy sought. The notice shall be sent to the other party by certified or registered mail, return receipt requested, and first class mail.

## REPRESENTATION

Any party may be represented by an attorney or other representative selected by the party.

## DISCOVERY

Each party shall have the right to take the deposition of one individual and any expert witness designated by another party. Each party also shall have the right to propound requests for production of documents to any party. The subpoena right specified below shall be applicable to discovery pursuant to this paragraph. The Arbitrator shall have exclusive authority to consider and enter orders concerning any issue arising related to the quantity or conduct of discovery. Each party to this Agreement can petition and/or request that the Arbitrator allow additional discovery and additional discovery may be conducted pursuant to the parties' mutual stipulation or as ordered by the Arbitrator to the extent the Arbitrator determines there is good cause therefore.

## DESIGNATION OF WITNESSES

At least thirty (30) days before the arbitration, the parties must exchange lists of witnesses, including any experts, and copies of all exhibits intended to be used at the arbitration.

## SUBPOENAS

Each party shall have the right to subpoena witnesses and documents for the arbitration, as well as documents relevant to the case from third parties.

## OFFER OF JUDGMENT

Unless required otherwise by law (including the common law), a party to an arbitration proceeding under this Agreement may make an offer of judgment in a manner consistent with, and with the time limitations, consequences, and effects provided in Rule 68 of the Federal Rules of Civil Procedure. The offer shall be served on the offeree in the same manner in which other papers are served in the arbitral proceeding. The offer shall not be served on the Arbitrator, except that if the offer is accepted, either party may then file with the Arbitrator the offer and notice of acceptance together with proof of service thereof. The Arbitrator shall then

immediately render an award as provided by the offer, and the arbitration proceedings shall then be terminated. If the offer is not accepted, the offer shall not be used as evidence in the arbitration proceedings and, following the issuance of the Arbitrator's award, the offeror may file a motion for costs with the Arbitrator, who shall retain jurisdiction to decide the motion and award costs to the offeror as warranted.

## ARBITRATION PROCEDURES

The arbitration will be held under the auspices of either the American Arbitration Association ("AAA"), Judicial Arbitration & Mediation Services/Endispute ("J·A·M·S"), National Arbitration Forum ("NAF"), or any other service to which the parties agree, with the designation of the sponsoring organization to be made by the party who did not initiate the claim.

The Company and I agree that, except as provided in this Agreement, any arbitration shall be in accordance with the then-current National Employment Arbitration Procedures of the AAA or equivalent (if AAA is designated), the then-current J·A·M·S Employment Arbitration Rules or equivalent (if J·A·M·S is designated), the then current NAF Code of Procedure (if NAF is designated), or the applicable rules of any other service to which the parties mutually agree. However, nothing in said rules or procedures and/or any modification therein shall affect the enforceability and validity of the Class Action Waiver, including but not limited to, the provision that the enforceability of the Class Action Waiver may be determined only by a court and not by an Arbitrator. Unless the parties jointly agree otherwise, the Arbitrator shall be either a retired judge, or an attorney who is experienced in employment law and licensed to practice law in the state in which the arbitration is convened (the "Arbitrator"). Unless the parties jointly agree otherwise, the arbitration shall take place in or near the city in which I am or was last employed by the Company. The Arbitrator shall be selected as follows: The service selected shall give each party a list of eleven (11) arbitrators drawn from its panel of arbitrators. Each party shall have ten (10) calendar days from the postmark date on the list to strike all names on the list it deems unacceptable. If only one common name remains on the lists of all parties, that individual shall be designated as the Arbitrator. If more than one common name remains on the lists of all parties, the parties shall strike names alternately from the list of common names until only one remains. The party who did not initiate the claim shall strike first. If no common name remains on the lists of all parties, the selected service shall furnish an additional list of eleven (11) arbitrators from which the parties shall strike alternately, with the party initiating the claim striking first, until only one name remains. That person shall be designated as the Arbitrator.

The Arbitrator shall apply the substantive law including, but not limited to, applicable statutes of limitations (and the law of remedies, if applicable) of the state in which the claim arose, or federal law, or both, as applicable to the claim(s) asserted. The Arbitrator is without jurisdiction to apply any different substantive law or law of remedies. The Federal Rules of Evidence shall apply.

The Arbitrator shall have jurisdiction to hear and rule on pre-hearing disputes and is authorized to hold pre-hearing conferences by telephone or in person, as the Arbitrator deems necessary. The Arbitrator shall have the authority to entertain a motion to dismiss and/or a motion for summary judgment by any party and shall apply the standards governing such motions under the Federal Rules of Civil Procedure and applicable federal common law.

Any party, at its expense, may arrange for and pay the cost of a court reporter to provide a stenographic record of proceedings. Should any party refuse or neglect to appear for, or participate in, the arbitration hearing, the Arbitrator shall have the authority to decide the dispute based upon whatever evidence is presented. Any party, upon request at the close of hearing, shall be given leave to file a post-hearing brief. The time for filing such a brief shall be set by the Arbitrator.

The Arbitrator shall render an award by written opinion no later than thirty (30) days from the date the arbitration hearing concludes or the post-hearing briefs (if requested) are received, whichever is later. The opinion shall be in writing and include the factual and legal basis for the award.

Any party shall have the right, within twenty (20) days of issuance of the Arbitrator's opinion, to file with the Arbitrator a motion to reconsider (accompanied by a supporting brief), and the other party shall have twenty (20) days from the date of the motion to respond. The Arbitrator thereupon shall reconsider the issues raised by the Motion and promptly either confirm or change the decision, which (except as provided by this Agreement) shall then be final and conclusive upon the parties.

## JUDICIAL REVIEW

Any party may bring an action in any court of competent jurisdiction to compel arbitration under this Agreement and to enforce an arbitration award. A party opposing enforcement of an award may bring a separate action in any court of competent jurisdiction to set aside the award, where, if permitted by law, the standard of review will be the same as that applied by an appellate court reviewing a decision of a trial court sitting without a jury. In a jurisdiction where such expanded judicial review is not permitted by law, a party opposing enforcement of an award shall be entitled to such review as allowed by that jurisdiction's laws, including, for example, where permitted by law, a petition to vacate the arbitration award.

## ARBITRATION FEES AND COSTS

The party initiating the claim shall pay the filing fee required by the rules of the organization which sponsors the Arbitration. If the employee is the party who initiates the claim, the filing fee will be consistent with the fee which, in the absence of this Agreement, would have been required if the claim had been filed in a court of competent jurisdiction, or $125.00, whichever is less. If the filing fee is greater than the amount required to be paid by the employee, the Company will pay the balance of the filing fee. I understand that, if I cannot afford it, I may request a waiver of the filing fee. This request must be made at the same time I first initiate my claim. In such a case, I will not be required to pay the filing fee until the Arbitrator decides whether the fee shall be waived. I understand that the Arbitrator may request financial or other information from me to determine whether the filing fee shall be waived. If the filing fee is required to be paid in advance of this decision, the Company will make this payment pending the determination of whether I shall be required to pay it. If the Arbitrator decides that the filing fee will not be waived, I will be required to pay the fee promptly after that decision to avoid having my claim dismissed.

The Company in all cases where required by law (including the common law) will pay the Arbitrator's and arbitration fees and costs. If under applicable law, the Company is not required to pay the Arbitrator's and/or arbitration fees and costs, such fees and costs will be equally shared between the Company and I. The Arbitrator shall determine all factual and legal issues regarding the payment and/or apportionment of said fees and costs.

Each party shall pay for its own costs and attorneys' fees, if any. However, if any party prevails on a claim which affords the prevailing party attorneys' fees, or if there is a written agreement providing for fees, the Arbitrator may award reasonable fees to the prevailing party as provided by law.

In the event the law (including the common law) of the jurisdiction in which the arbitration is held requires a different allocation of fees and costs in order for this Agreement to be enforceable, then such law shall be followed.

## INTERSTATE COMMERCE

I understand and agree that the Company is engaged in transactions involving interstate commerce.

## SOLE AND ENTIRE AGREEMENT

This is the complete agreement of the parties on the subject of arbitration of disputes. This Agreement to arbitrate shall survive the termination of my assignment/employment and the expiration of any benefit. This Agreement supersedes any prior or contemporaneous oral or written understandings on the subject. No party is relying on any representations, oral or written, on the subject of the effect, enforceability, or meaning of this Agreement, except as specifically set forth in this Agreement. All remaining provisions shall remain in full force and effect.

## CONSTRUCTION

If any provision of this Agreement is adjudged to be void or otherwise unenforceable, in whole or in part, such adjudication shall not affect the validity of the remainder of the Agreement. All remaining provisions shall remain in full force and effect. A waiver of one or more provisions of this Agreement by any party shall not be a waiver of the entire Agreement.

## CONSIDERATION

The promises by the Company and by me to arbitrate differences, rather than litigate them before courts or other bodies, provide consideration for each other.

**AT WILL EMPLOYMENT**

This Agreement does not in any way alter the "at-will" status of my assignment/employment.

**AGREEMENT**

I ACKNOWLEDGE THAT I HAVE CAREFULLY READ THIS FIVE (5) PAGE MUTUAL AGREEMENT TO ARBITRATE CLAIMS; THAT I UNDERSTAND ITS TERMS; THAT ALL UNDERSTANDINGS AND AGREEMENTS BETWEEN THE COMPANY AND ME RELATING TO THE SUBJECTS COVERED IN THE AGREEMENT ARE CONTAINED IN IT; AND THAT I HAVE ENTERED INTO THE AGREEMENT AND NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATIONS BY THE COMPANY OTHER THAN THOSE CONTAINED IN THIS AGREEMENT ITSELF. I UNDERSTAND THAT BY SIGNING THIS AGREEMENT I AM GIVING UP MY RIGHT TO A JURY TRIAL AND THAT PURSUANT TO THE TERMS OF THIS AGREEMENT, I AM AGREEING TO ARBITRATE CLAIMS.

I FURTHER ACKNOWLEDGE THAT I HAVE BEEN GIVEN THE OPPORTUNITY TO DISCUSS THIS AGREEMENT WITH MY PRIVATE LEGAL COUNSEL, AND HAVE AVAILED MYSELF OF THAT OPPORTUNITY TO THE EXTENT I WISH TO DO SO.

APPLICANT/EMPLOYER SIGNATURE

562·163·4022
SOCIAL SECURITY NUMBER

SAUL VALDEZ
PRINT NAME

11·17·06
DATE

SIGNATURE OF AUTHORIZED COMPANY REPRESENTATIVE

Steve M
TITLE OF REPRESENTATIVE

MUTUAL AGREEMENT TO ARBITRATE CLAIMS
Revised 10/30/06

Page 5 of 5

Coworker – Keep Original / Manager – Fax copy of all five pages to Home Office